**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**
_____

WAYNE IRVIN,

                Petitioner,

            v.                                          15-CV-0291-A
                                                               **ORDER**

ATTICA CORRECTIONAL FACILITY,

                Respondent.
_____

      In this habeas corpus action, the Respondent moves to file its memorandum in opposition and the state court record under seal, in compliance with New York Civil Rights Law § 50-b, because Petitioner's conviction was the result of a number of sex crimes. Specifically, the Respondent seeks to file its opposition and the state court record under seal to protect the identity of the victim.

      "The notion that the public should have access to the proceedings and documents of courts is integral to our system of government." *United States v. Erie Cnty.*, 763 F.3d 235, 238-89 (2d Cir. 2014). This notion, and the "common law right" it supports (*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)), is grounded in the "need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). Thus, to ensure judicial accountability and to promote confidence in the judiciary, the public has a presumptive right to "access . . . testimony and documents that are used in the performance of Article III functions." *Id.* *See also id.* (referring to the "presumption of access" to judicial documents). There is no question

1

that the Respondent's opposition, and the state court records that underlie the claims in this case, are judicial documents to which there is a presumption of access.

But the presumption of public access to judicial documents, like nearly all presumptions, may be rebutted. Thus, once a court determines that documents are "judicial documents" to which the presumption of public access applies, the court "must determine the weight of that presumption" by looking to "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Erie Cnty.*, 763 F.3d at 239 (quotation marks omitted). The court must then "balance competing considerations against" the presumption of access. *Lugosch*, 435 F.3d at 119. One such competing consideration is, unquestionably, the need to protect victims of sex crimes "from likely adverse personal, professional, and psychological consequences" of being known as the victims of sex crimes. *United States v. Thompson*, 178 F. Supp. 3d 86, 96 (W.D.N.Y. 2016) (quotation marks omitted) (addressing First Amendment concerns raised by proposed protective order in sex trafficking prosecution).

The Respondent's proposed wholesale sealing, however, is far too broad to protect this interest. The Respondent may, therefore, file its memorandum in opposition under seal by the date on which the Respondent's opposition is due. However, within 30 days of that date, the Respondent shall file, on the public docket, a copy of its memorandum with appropriate redactions.

Further, based on the Respondent's representation that the victim's name and other identifying information appear "throughout the state court record and trial transcript," thereby making "redaction . . . not practicable," Docket No. 13-1 ¶ 5, the

Respondent may file the state court record under seal by the date on which the record is due. Certain parts of the state court record, however, are surely not subject to redaction—for instance, the decision of the Fourth Department, which is publicly available. *See People v. Irvin*, 111 A.D. 1294. Thus, within 60 days of the date on which the record is due, the Respondent shall file, on the public docket, a copy of the state court record with appropriate redactions. If particular documents, or pages within particular documents, require enough redaction as to make the redacted document or redacted page intelligible, the Respondent may redact an entire document or an entire page.

**SO ORDERED.**


Dated: June 19, 2017            *s/Richard J. Arcara*
    Buffalo, New York            HONORABLE RICHARD J. ARCARA
                                                  UNITED STATES DISTRICT JUDGE